NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
JAMES L. DELANEY and BARBARA POLI,  :
on behalf of themselves and others  :
similarly situated,                 :
                                    :
      Plaintiffs,                 :  Civ. No. 06-5134 (JAP)
                                    :
   v.                               :
                                    :  **OPINION**
AMERICAN EXPRESS COMPANY and        :
AMERICAN ENTERPRISE LIFE INSURANCE  :
COMPANY,                            :
                                    :
      Defendants.                 :
_____:

PISANO, District Judge.

On May 11, 2007, this Court issued an Opinion and Order dismissing Plaintiffs' claims against Defendants American Express Company ("AMEX") and American Enterprise Life Insurance Company ("AEL") (together "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs now move for reconsideration of that decision on the grounds that the Court misapprehended the nature of Plaintiffs' claims and failed to appreciate the significance of certain facts. For the reasons expressed below, the Court denies Plaintiffs' Motion for Reconsideration.

I. BACKGROUND[1]

This action involves a putative class action on behalf of all individuals who purchased

---

[1] For a full summary of the relevant facts, *see Delaney v. American Express Co.*, No. 06-5134, 2007 WL 655599 (D.N.J. May 11, 2007).

bonus fixed-rate annuities from AMEX and AEL.[2]  The annuities at issue provide for bonus rates of interest in the first year, with annual renewal rates set by AEL subject to a guaranteed minimum rate of 3.00%.  (*See* November 29, 2006 Declaration of Jeffrey Soos ("Soos Decl."), Exs. F at 8, G at 8).  Purporting to represent a nationwide class of similarly situated individuals, Plaintiffs James L. Delaney ("Delaney") and Barbara Poli ("Poli") (together "Plaintiffs") filed a seven-count Complaint on October 26, 2006 asserting claims against Defendants for (1) fraud by misrepresentation; (2) fraud by omission/fraudulent suppression; (3) negligent hiring, training, and/or supervising its agents; (4) wantonly hiring, training, and/or supervising its agents; (5) breach of contract; (6) civil conspiracy to commit, *inter alia*, fraudulent misrepresentations, suppression, and acts of negligence, wantonness, breach of duty, and breach of contract; and (7) unfair competition in violation of the New Jersey Consumer Fraud Act.  On May 11, 2007, this Court granted Defendants' Motions to Dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A. *Standard of Review*

A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds:  "(1) an intervening change in the controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice."  *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The party seeking reconsideration bears a heavy burden and "must

---

[2] AEL, the seller of the annuities at issue, is a wholly owned indirect subsidiary of Amerprise Financial, Inc.  At all times relevant to this action, however, AEL was a wholly owned indirect subsidiary of AMEX.

show more than mere disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *Id.*

### *B. Analysis*

Plaintiffs request that the Court reconsider its earlier Opinion because, in their view, the Court misapprehended the nature of their breach of contract claim, misconstrued the significance of the language included in the Disclosure Statements, and erroneously concluded that Defendants adequately disclosed the terms of the annuities.  Plaintiffs do not, however, identify an intervening change in controlling law, newly available evidence, a clear error of law, or a need to prevent manifest injustice.  As such, Plaintiffs have failed to establish any grounds that would warrant reconsideration of the Court's decision.  Further, Plaintiffs' motion for reconsideration amounts to nothing more than disagreement with the Court's decision and a retread of Plaintiff's earlier arguments.  Thus, Plaintiffs' have failed to meet the burden for reconsideration and their motion is denied.

### III.  CONCLUSION

For the reasons expressed above, the Court denies Plaintiffs' Motion for Reconsideration.  An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  June 29, 2007